IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE   §
PETITION OF CHRISTOPHER   § No. 278, 2020
KING FOR WRIT OF   §
MANDAMUS   §

Submitted: September 1, 2020
Decided: October 8, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES** Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) On March 16, 2015, the petitioner, Christopher King, pleaded guilty to second-degree burglary in Criminal ID No. 1408020918 and second-degree rape in Criminal ID No. 1408022997 in exchange for the dismissal of other charges.[1] The Superior Court immediately sentenced King as follows: (i) for second-degree rape, effective August 22, 2014, twenty-five years of Level V incarceration, suspended after seventeen years for decreasing levels of supervision; and (ii) for second-degree burglary, seven years of Level V incarceration. King did not appeal his convictions or sentence.

---

[1] The Court has taken judicial notice of these cases.

(2)     On August 17, 2020, King filed this petition for a writ of mandamus directing the Superior Court to give him 197 days of credit for time he spent in jail between his arrest on August 29, 2014 and his sentencing on March 16, 2015. A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(3)     King has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him. "[A] defendant must be credited with all Level V time served in default of bail either by 'backdating' the effective date to the date of incarceration or by crediting the defendant with the time served."[4] The Superior Court sentenced King effective August 22, 2014, a week before his August 29, 2014 arrest date. Not only did King receive credit for the time he was incarcerated before he pleaded guilty and was sentenced, he appears to have received an additional seven-days of credit toward his Level V sentence.

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*
[4] *McNair v. State*, 2011 WL 768639, at *1 (Del. Mar. 4, 2011). *See also* 11 *Del. C.* § 3901(b), (c).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice